# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| DANIEL EARLY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:09-cv-373-WTL-DML |
| ) | |
| MICHAEL ASTRUE, Commissioner of the ) | |
| Social Security Administration ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ENTRY ON PETITION FOR ATTORNEY FEES

Pending before the Court is Plaintiff Daniel Early's Petition for Attorney Fees under the Equal Access to Justice Act ("EAJA") and the Defendant's response thereto. The Court, being duly advised, **GRANTS** Early's petition for the reasons set forth below.

In an order dated July 26, 2010, the Court reversed the final decision of the Commissioner of the Social Security Administration ("Commissioner") finding Early not disabled and remanded the case for further proceedings. The Court determined that remand was required because the ALJ failed to adequately explain his reasons for finding that Early's testimony regarding his subjective symptoms was not fully credible. In addition, the ALJ failed to address a treating physician's opinion and failed to articulate a proper hypothetical to the vocational expert.

Pursuant to the EAJA, a successful litigant against the federal government is entitled to recover his attorney fees if 1) he was a "prevailing party"; 2) the government's position was not "substantially justified"; 3) there exist no special circumstances that would make an award unjust; and 4) he filed a timely application. 28 U.S.C. § 2412(d)(1)(A), (B). The Commissioner tacitly acknowledges that a fee award is appropriate in this case. Thus, Early's motion for fees is

**GRANTED**. However, the Commissioner argues that Early has miscalculated his requested fee amount. Specifically, the Commissioner claims that when relying on the Consumer Price Index ("CPI"), "Plaintiff has adopted the US city average, as opposed to the more precise Chicago area data." Docket No. 31 at 2.

Although there are no Seventh Circuit cases mandating that the regional CPI be used when calculating EAJA fees, in other fee cases, the court has concluded that the reasonable hourly rate for attorneys' fees is based on the market rate. "The market rate is 'the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question.'" *Eddleman v. Switchcraft, Inc.*, 965 F.3d 422, 424 (7th Cir. 1992) (quoting *Henry v. Webermeier*, 738 F.2d 188, 193 (7th Cir. 1984)). Despite Early's arguments otherwise, the Court is not convinced that application of a national CPI is appropriate in this case. Therefore, the Court used the Chicago area CPI to calculate the amount of Early's attorneys' fees. Based on this calculation, the Commissioner shall pay to Early fees in the amount of $5336.12.

SO ORDERED: 01/06/2011

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Steven R. Jacobs
srjindy@aol.com

Eric E. Schnaufer
eric@schnaufer.com

Thomas E. Kieper
United States Attorney's Office
tom.kieper@usdoj.gov

2